## Elliott and Others *v.* Moore.

If a judgment against an administrator for a debt of the intestate be replevied,
and the time expire without the judgment's being paid, the creditor's re-
medy against the intestate's real estate is the same that it was before the
judgment was replevied.

An heir cannot by any conveyance, under our statute, discharge the land
descended to him from its liability to his ancestor's debts.

The terre-tenants, named in a petition to have execution against the real
estate of a decedent, should have notice of the petition.

Wednesday,          ERROR to the *Dearborn* Circuit Court.
May 27.

Blackford, J.—*Moore* having obtained two judgments
against *Elliott's* administrators for debts due from the intes-

tate, filed a petition in the Circuit Court for an execution against the intestate's real estate. The petition describes the judgments, states that executions had been returned *nulla bona*, that the intestate left real estate, &c. It also names as parties certain persons as the administrators of the intestate, others as his heirs, and others as the terre-tenants of the land against which the execution is prayed. , A judgment by default was rendered against some of the heirs. The administrators, one of whom is an heir, pleaded four pleas, the first and fourth of which were demurred to, and the demurrers sustained. Issues of fact were joined on the second and third pleas, and the cause submitted to the Court. An execution was awarded by the Court, according to the prayer of the petition.

The first plea is, that the judgments had been replevied by the administrators and their sureties, who had real and personal property sufficient to satisfy the judgments. This plea is insufficient. The judgments were not discharged by the circumstance of their being replevied: their collection was only delayed for a given time. If, when that time expired, the money remained unpaid, the remedy against the intestate's estate was the same that it was before the judgments were replevied.

The fourth plea is, that execution ought not to be awarded against the whole of the lot named in the petition, because a part of it had been mortgaged by one of the heirs of the intestate before the judgments were rendered, and that there is other land of the estate unincumbered. This plea is also bad. The heirs could not by any conveyance, under our statute, discharge the land from its liability to the debts of their ancestor.

The defendants contend that the petition in this case is not authorized by law. They say that the act concerning Probate Courts, which gives creditors a distribution of an insolvent estate without regard to the dignity of their claims, is inconsistent with the section of the execution-law, under which this petition is filed; and that, therefore, the latter provision must yield to the former. Supposing that doctrine, which applies only to an insolvent estate, to be correct as to such estate, (of which, however, we give no opinion,) still

May Term,
1840.

it cannot affect this case. For aught shown by the record, the estate here is perfectly solvent, and there has been no application to the Probate Court for a sale of the premises.

The defendants further contend, that the terre-tenants should have had notice of the petition. In this, the defendants are right. There are terre-tenants, as is shown by the petition; and they should have had notice. Rev. Code, 1831, p. 243. The final decision of the cause, before the necessary steps were taken as to the terre-tenants, is erroneous.

SULLIVAN, J., having been concerned as counsel, was absent.

*Per Curiam.*— The judgment awarding execution is reversed, &c., with costs. Cause remanded, &c.

*P. L. Spooner*, for the plaintiffs.
*G. H. Dunn*, for the defendant.